**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH A. GUERRA, | No. 13-16725 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:10-cv-00029-KJD-NJK |
| JUST MORTGAGE, INC., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Joseph A. Guerra appeals pro se from the district court's summary judgment

in his action challenging defendants' actions at the origination and servicing of his

mortgage loan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Guerra's claim against defendant JP Morgan Chase Bank, N.A. ("Chase") under the Real Estate Settlement Procedures Act ("RESPA") because Guerra's letter to Chase did not constitute a proper qualified written request. *See* 12 U.S.C. § 2605(e)(1)(B); *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012) (only letters challenging the servicing of the loan constitute qualified written requests). The district court properly granted summary judgment on Guerra's RESPA claim against defendant Just Mortgage, Inc. because 12 U.S.C. § 2603(a) does not create a private right of action, and any claim under 12 U.S.C. § 2607 was barred by the statute of limitations. *See* 12 U.S.C. § 2614 (actions under § 2607 are subject to a one year statute of limitations); *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010) (there is no private right of action under 12 U.S.C. § 2603(a)).

The district court properly granted summary judgment on Guerra's Truth in Lending Act ("TILA") damages claim against Just Mortgage because this claim was barred by the statute of limitations, and Guerra failed to demonstrate that equitable tolling applies. *See* 15 U.S.C. § 1640(e) (TILA damages claims are subject to a one year statute of limitations). To the extent that Guerra asserted a claim for rescission, the district court properly granted summary judgment on this

claim because Just Mortgage introduced evidence showing that there is no genuine dispute of material fact as to its compliance with TILA's disclosure requirements.

To the extent that Guerra alleged an independent claim under Article 9 of the Nevada Uniform Commercial Code ("Nevada UCC"), the district court properly granted summary judgment on this claim because Guerra failed to raise a genuine dispute of material fact as to whether defendants violated Article 9. *See* N.R.S. § 104.9109(4)(k); *Caffasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

To the extent that Guerra alleged an independent claim under Article 3 of the Nevada UCC, the district court properly granted summary judgment on this claim because Guerra failed to raise a genuine dispute of material fact as to whether he demanded any defendant to "exhibit the instrument" under Article 3 of the Nevada UCC, or whether Chase was the proper party to enforce the note. *See* N.R.S. § 104.3501; *Caffasso*, 637 F.3d at 1061.

Guerra's contentions that defendants lacked "standing" to bring their motion for summary judgment, that the district court lacked subject matter jurisdiction to decide the motion, or that the district court erred by deciding the motion without a

hearing are unpersuasive. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The district court did not abuse its discretion in denying Guerra's Fed. R. Civ. P. 60(b) motion seeking relief from the district court's summary judgment because Guerra did not demonstrate any grounds warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**